Gade v Carmili (2021 NY Slip Op 05458)





Gade v Carmili


2021 NY Slip Op 05458


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 656019/17 Appeal No. 14347-14348 Case No. 2021-00210 2019-3044 

[*1]Sreenivasa Gade, et al., Plaintiffs-Respondents,
v
David Carmili, Defendant-Appellant, O2 Electronics, Inc., Defendant.


The Law Firm of Elias C. Schwartz, PLLC, New York (Sarah R. Gitomer of counsel), for appellant.
Galgano Sharp LLP, White Plains (Eric R. Sharp of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about August 11, 2020, which, to the extent appealed from, denied defendant Carmili's motion to dismiss the breach of contract and unjust enrichment causes of action in the amended complaint as against him, unanimously affirmed, with costs. Order, same court and Justice, entered February 20, 2019, to the extent it granted plaintiffs' motion to amend the complaint, unanimously affirmed, and appeal therefrom to the extent it denied defendant's motion to dismiss the original complaint dismissed, without costs, as moot.
Plaintiffs seek repayment from defendant of a loan they made to him by sending funds on his behalf to a company in which he wished to invest those funds.
Contrary to defendant's contention, the fact that the funds were sent directly to the company does not prove that there was no contract between him and plaintiffs (see Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc., 195 AD3d 436 [1st Dept 2021]).
Nor does the fact that defendant did not receive the funds negate any element of the cause of action for unjust enrichment (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]). The allegations of the complaint establish that defendant received the full benefit of the funds loaned by plaintiffs.
Neither res judicata nor collateral estoppel applies to the Canadian proceeding cited by defendant, as there is no theory under which plaintiffs were in privity with any party to that proceeding (Buechel v Bain, 97 NY2d 295, 304 [2001], cert denied 535 US 1096 [2002]).
Given that the amended complaint superseded the original complaint, the appeal taken from the part of the February 20,2019 order that denied defendant's motion to dismiss the original complaint is dismissed as moot (see MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 293 n 5 [1st Dept 2011]; 100 Hudson Tenants Corp. v Laber, 98 AD2d 692 [1st Dept 1983]). In opposing plaintiffs' motion to amend the complaint, defendant failed to show that amendment would surprise or prejudice him (see Centrifugal Assoc. v Highland Metal Indus., 193 AD2d 385 [1st Dept 1993]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021